OFFIT KURMAN, P.A.
Eric J. Lanter, Esq.
Millan S. Maurer, Esq.
590 Madison Avenue, 6th Floor
New York, NY 10022
(212) 545-1900
Eric.Lanter@offitkurman.com
Millan.Maurer@offitkurman.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
CHAMELEON ADVERTISING & MARKETING
SOLUTIONS INC.,

                          Plaintiff,

              -against-

KEME PRODUCTION LLC and MOUSTAFA AHMED
MOHAMED HASSAN KAMAR a/k/a MOUSTAFA
AMAR,

                         Defendants.
------------------------------------------------------------------------X

Civil Action No. _____

**Jury Trial Demanded**

## COMPLAINT

Plaintiff Chameleon Advertising & Marketing Solutions Inc. ("Plaintiff"), by its attorneys, Offit Kurman, P.A., for its Complaint against defendants Keme Production LLC and Moustafa Ahmed Mohamed Hassan Kamar a/k/a Moustafa Amar ("Amar" and collectively, with Keme Production LLC, "Defendants") alleges, as follows:

### NATURE OF THE ACTION

1.     This action is against Defendants to enjoin their unlawful conduct: in violation of an agreement between Plaintiff and Amar providing that Plaintiff is the exclusive promoter of shows in which Amar, an Egyptian pop star, performs throughout the

United States of America and Canada, Keme Production LLC and Amar have contracted for several shows in the United States, including but not limited to in New York. In the highly competitive promotion industry, where reputation is of the utmost importance, Defendants' unlawful conduct is causing irreparable, substantial harm to Plaintiff's goodwill, credibility, and reputation within the promotion industry and gives rise to injunctive relief and the claims set out herein.

## THE PARTIES

2. Plaintiff is a corporation incorporated in the State of Virginia.

3. Amar is an individual who does business in New York State as a performance artist. Upon information and belief, Amar resides at 3 Andalous Street, Masr El Gedida, Cairo, Egypt.

4. Keme Production LLC is a limited liability company organized under the laws of New York, which, among other things, provides promotional, marketing, and staging services to its clients and maintains an office at 261 Madison Avenue, 9th Floor, New York, New York 10016.

## VENUE AND JURISDICTION

5. This is a civil action for damages and other relief arising under the laws of the State of New York and the common law for breach of contract, negligent misrepresentation, conversion, intentional interference with prospective economic advantage, unjust enrichment, constructive trust, tortious interference with contract, and for injunctive relief.

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 as there is diversity of citizenship and the amount sought herein exceeds $75,000.

7. This Court has personal jurisdiction over Defendants because, upon information and belief, Keme Production LLC resides in New York and Amar does business directly and/or indirectly within the State of New York. The acts complained of herein have taken place within this judicial district. Further, upon information and belief, the effects of Defendants' actions have been felt in the State of New York and this District such that it would be reasonable for this Court to exercise personal jurisdiction over them.

8. Venue is proper under 28 U.S.C. § 1391 as a substantial part of the events giving rise to the claim occurred within this District.

## GENERAL ALLEGATIONS

9. Plaintiff operates a business providing services to prominent performance artists with such services including promoting, marketing, and staging performances for clients throughout the United States of America and Canada, including New York.

10. Plaintiff's clients are typically performance artists from the Middle East, including but not limited to Egypt, who have a fanbase sufficient to support a profitable performance tour throughout the United States of America and Canada.

11. Amar, who has been called the "king of Arab pop" music and an "Egyptian megastar," is one of the top performance artists from Egypt.

12. Upon information and belief, Amar has performed in New York approximately two or three times.

13. Upon information and belief, Plaintiff estimates that each performance in the United States and Canada of a Middle Eastern pop star, like Amar, generates hundreds of thousands of dollars in revenue for the venue, the promoter, those associated with marketing the performance, and the hospitality industry that caters to the thousands of attendees such a performance garners.

14. In mid-2024, Amar became interested in hiring Plaintiff to exclusively promote, market, and stage performances in the United States and Canada.

15. As part of Plaintiff's business, Plaintiff arranges for its clients to obtain visas to perform in Canada and the United States during the performance tour, and Plaintiff providing this service to its clients is done not only to facilitate the performance tour but also to foster goodwill between Plaintiff and its clients.

16. Once Plaintiff's clients obtain their visas, Plaintiff then enters into the various contracts needed to market and promote the performances during the tour of Canada and the United States.

17. Further, Plaintiff then enters into various contracts and agreements with venues for hosting the performances during the tour.

18. For Plaintiff's business, it is crucially important to maintain exclusivity for clients who hire Plaintiff.

19. Maintaining exclusivity ensures that Plaintiff may freely enter into those contracts necessary for promoting, marketing, and staging performances throughout the United States and Canada without fear that the performance artist will cancel or make other arrangements that impact those contracts.

20. Maintaining exclusivity also provides stability in the relationship between Plaintiff and its clients as the promotional industry for Middle Eastern performance artists is highly competitive and any promoter who does not maintain its clients may quickly fall out of favor amongst performance artists and lose its foothold in the industry.

21. Based in substantial part on Plaintiff's reputation and credibility in the industry, Amar agreed to hire Plaintiff to be the exclusive promoter of performances in the United States and Canada.

22. On July 10, 2024, Plaintiff and Amar entered into a written agreement (the "Agreement").

23. The Agreement, at Section 9, states: "The Artist [Amar] agrees not to perform in Canada and the USA except as retained by the ChameleonAMS & AME [Plaintiff] during the term of this agreement."

24. The Agreement, at Section 9, further states: "[Amar] agrees to allow [Plaintiff] to sign contracts to promote concerts in Canada and the USA during this agreement."

25. The Agreement, at Section 9, further states: "Duration of the Agreement means starting from the date and time of signing this agreement by [Amar] up till one year after the performance date of the last agreed event with [Plaintiff]."

26. During 2025, Plaintiff provided substantial services to market, promote, and stage Amar's performances throughout the United States and Canada, and Amar successfully performed for thousands of fans in cities throughout North America during the tour that Plaintiff organized and promoted.

27. Plaintiff and Amar's last agreed event with Plaintiff was May 17, 2025 in Mississauga, Ontario, Canada.

28. Since Plaintiff and Amar's last agreed event, Plaintiff has been preparing to promote, market, and stage Amar's performance in the United States and Canada in 2026.

29. In late 2025, upon information and belief, Amar began working with Keme Production LLC, and potentially other companies, to arrange for a tour of the United States and Canada.

30. Upon information and belief, Amar arrived in the United States, at John F. Kennedy International Airport, on January 7, 2026 at approximately 1:00pm.

5

31. On January 8, 2026, Amar is scheduled to perform in Washington, D.C., at The Howard.

32. Upon information and belief, Keme Production LLC promoted, marketed, and is planning to stage the performance on January 8, 2026.

33. On January 9, 2026, Amar is scheduled to perform in New York, at the Melrose Ballroom.

34. Upon information and belief, Keme Production LLC promoted, marketed, and is planning to stage the performance on January 9, 2026.

35. On January 10, 2026, Amar is scheduled to perform in Dallas, Texas, at The Echo.

36. Upon information and belief, Keme Production LLC promoted, marketed, and is planning to stage the performance on January 10, 2026.

37. On January 11, 2026, Amar is scheduled to perform in Los Angeles, California, at the HOB Anaheim.

38. Upon information and belief, Keme Production LLC promoted, marketed, and is planning to stage the performance on January 11, 2026.

39. On January 16, 2026, Amar is scheduled to perform in Detroit, Michigan, at the Troy Palace.

40. On January 18, 2026, Amar is scheduled to perform in Houston, Texas, at the Ayva Center.

41. Defendants, among potentially others, have extensively promoted Amar's tour through the United States and Canada in 2026.

42. Upon learning that Defendant Keme Production LLC was promoting and arranging performances for Amar in the United States and Canada, Plaintiff, through its

6

legal counsel in both Canada and the United States, formally notified Keme Production LLC of Plaintiff's exclusive contractual rights with Amar.

43. Such notice advised Keme Production LLC that Amar was subject to a valid and enforceable exclusivity agreement with Plaintiff covering performances in the United States and Canada and that any promotion or staging of such performances without Plaintiff's involvement constituted unlawful and tortious conduct.

44. Despite receiving notice from Plaintiff's legal counsel, Keme Production LLC ignored and failed to respond to such correspondence and nevertheless continued to promote, market, and arrange Amar's performances in violation of Plaintiff's exclusive rights.

45. Plaintiff also directly informed Amar and his manager, Ali Rashad Salem Mohamed, that Amar's actions constituted a material breach of the Agreement.

46. Canada and the United States provided such notice and further communicated through legal counsel in Egypt.

47. Notwithstanding repeated notice and clear explanation of his contractual obligations and the applicable laws of the United States and Canada, Amar has willfully disregarded those obligations and continued to perform and contract with third parties in violation of the Agreement.

48. Defendants' conduct has caused harm to Plaintiff's business relationships, reputation, and goodwill with sponsors, venues, and promotional partners including in New York but also extending to other locations in the United States and Canada.

49. On multiple occasions, individuals within the promotion industry have contacted Plaintiff, knowing that Plaintiff had exclusively been promoting Amar's

performances, and have stated, in sum and substance, that Plaintiff's reputation as a promoter within the industry has been damaged by Defendants' conduct.

50. Upon information and belief, if Plaintiff had promoted, marketed, and staged the performances with Amar that Amar has unlawfully arranged through Keme Production LLC and potentially other companies, Plaintiff would have earned approximately $150,000, at minimum, in fees from its services.

51. Defendants' conduct has caused other companies and individuals within the promotion industry to view Plaintiff in a negative light.

52. Defendants' conduct is causing and, if the shows are permitted to proceed in January 2026, will cause additional, substantial harm to Plaintiff as it would demonstrate that Plaintiff's exclusivity provision in its contracts with its clients is not being enforced and that any of Plaintiff's clients can be lured away from it.

53. Defendants' conduct has caused venues, promoters, performance artists, sponsors, and other individuals and companies within the industry to view Plaintiff as a promoter within the industry that is not credible.

54. Defendants' conduct is causing and, if the shows are permitted to proceed in January 2026, will cause additional, substantial harm to Plaintiff in that its reputation and credibility in the industry will be irredeemably harmed.

55. Plaintiff's damages continue to accrue.

56. Defendants' conduct gives rise to several claims for relief as set forth below.

## COUNT I

**Breach of Contract**
**(On Behalf of Plaintiff against Amar)**

57. All allegations contained in the foregoing paragraphs are incorporated in this one as though fully set forth herein.

58. Plaintiff and Amar entered into a contract: the Agreement.

59. The contract's terms obligated Amar to maintain Plaintiff as the exclusive promoter, marketer, and stager for performances in the United States and Canada.

60. Plaintiff has met its obligations under the contract.

61. Amar has arranged, by written contract or otherwise, for other companies, including but not limited to Keme Production LLC, to promote, market, and stage performances throughout the United States in January 2026.

62. At minimum, Amar has arranged with Keme Production LLC for performances on January 8, 9, 10, and 11 in Washington, D.C., New York, Dallas, and Los Angeles respectively.

63. Plaintiff has incurred a loss as a result of Amar's unlawful conduct.

64. Plaintiff's loss arises from the actual and consequential damages it has suffered from actions and inactions taken by Amar.

65. Plaintiff's damages are at least $150,000, continue to accrue, and the full extent of which is in an amount to be determined at trial.

## COUNT II

### Negligent Misrepresentation
### (On Behalf of Plaintiff against Amar)

66. All allegations contained in the foregoing paragraphs are incorporated in this one as though fully set forth herein.

67. Plaintiff and Amar entered into a written contract.

68. The privity of contract imposed a duty on Amar to impart correct information to Plaintiff.

69. Amar failed to convey correct information to Plaintiff about arranging for a performance tour in the United States despite having agreed that Plaintiff had the exclusive right to promote, market, and stage such a tour.

70. Plaintiff reasonably relied on Amar's lack of correct information.

71. As a result of Amar's actions and inactions, Plaintiff has incurred a loss.

72. Plaintiff's damages are at least $150,000, continue to accrue, and the full extent of which is in an amount to be determined at trial.

### COUNT III

### Conversion
### (On Behalf of Plaintiff against Defendants)

73. All allegations contained in the foregoing paragraphs are incorporated in this one as though fully set forth herein.

74. At all relevant times, Plaintiff had a possessory interest in the various forms of property which are the subject of this Complaint, including but not limited to the property arising from the promotion, marketing, and staging of Amar's tour through North America in, at minimum, January 2026.

75. Plaintiff, upon information and belief, anticipates such property to include promotional materials and information and funds in which Plaintiff had an exclusive possessory interest in by virtue of the Agreement.

76. Defendants have exercised and sought to exercise dominion and control over Plaintiff's property and property interests, interfering with its property interests, property, and rights to property, in derogation and exclusion of its rights, through efforts which deprived and denied Plaintiff access, control, and possession of its property.

77. As a result of Defendants' actions, Plaintiff has incurred a loss.

78. Plaintiff's damages are at least $150,000, continue to accrue, and the full extent of which is in an amount to be determined at trial.

## COUNT IV

### Intentional Interference with Prospective Economic Advantage
### (On Behalf of Plaintiff against Keme Production LLC)

79. All allegations contained in the foregoing paragraphs are incorporated in this one as though fully set forth herein.

80. Plaintiff had a business relationship with Amar.

81. Keme Production LLC had knowledge of that business relationship and, without reasonable justification or excuse, intentionally and maliciously interfered with the business relationship.

82. Keme Production LLC acted with the sole purpose of harming Plaintiff's business relationship and used dishonest, unfair, or improper means to interfere with the business relationship.

83. Keme Production LLC's intentional and malicious actions caused injury to the relationship between Plaintiff and Amar and induced Amar to enter into a business relationship with Keme Production LLC in derogation of Amar's obligations owed and promises made to Plaintiff.

84. Keme Production LLC has marketed, promoted, and prepared to stage performances for Amar in January 2026.

85. Upon information and belief, Keme Production LLC has substantially benefitted from the marketing, promotion, and preparing to stage performances for Amar.

86. As a result of Keme Production LLC's actions, Plaintiff has incurred a loss.

87. Plaintiff's damages are at least $150,000, continue to accrue, and the full extent of which is in an amount to be determined at trial.

88. Plaintiff is entitled to punitive damages for the intentional and malicious interference in an amount to be determined at trial.

## COUNT V

### Unjust Enrichment
### (On Behalf of Plaintiff against Defendants)

89. All allegations contained in the foregoing paragraphs are incorporated in this one as though fully set forth herein.

90. Defendants were enriched at Plaintiff's expense.

91. It is against equity and good conscience to permit Defendants to retain what Plaintiff seeks to recover.

92. There is a connection or relationship between Plaintiff and Defendants that caused reliance or inducement on the Plaintiff's part.

93. As a result of Defendants' actions, Plaintiff has incurred a loss.

94. Plaintiff's damages are at least $150,000, continue to accrue, and the full extent of which is in an amount to be determined at trial.

95. Plaintiff also seeks punitive damages in an amount to be determined at trial.

## COUNT VI

### Constructive Trust
### (On Behalf of Plaintiff against Defendants)

96. All allegations contained in the foregoing paragraphs are incorporated in this one as though fully set forth herein.

97. There was an exclusive relationship between Plaintiff and Amar.

98. Amar obligated himself to exclusively utilize Plaintiff's services for performance tours throughout the United States and Canada.

99. Plaintiff relied on Amar's promise to exclusively utilize Plaintiff's services, and Defendants arranged to promote, market, and stage performances throughout the United States, including but not limited to New York, which unjustly enriched them.

100. It is necessary to establish a constructive trust given these circumstances as a constructive trust satisfies the demands of justice.

101. As a result of Defendants' actions, Plaintiff has incurred a loss.

102. Plaintiff's damages are at least $150,000, continue to accrue, and the full extent of which is in an amount to be determined at trial.

103. Plaintiff also seeks punitive damages in an amount to be determined at trial.

### COUNT VII

**Tortious Interference with Contract**
**(On Behalf of Plaintiff against Keme Production LLC)**

104. All allegations contained in the foregoing paragraphs are incorporated in this one as though fully set forth herein.

105. A contract, the Agreement, has existed between Plaintiff and Amar.

106. Upon information and belief, Keme Production LLC knew about the Agreement.

107. Upon information and belief, Keme Production LLC intentionally and improperly procured Amar's breach of the Agreement.

108. As a result of Keme Production LLC's actions, Plaintiff has incurred a loss.

109. Plaintiff's damages are at least $150,000, continue to accrue, and the full extent of which is in an amount to be determined at trial.

110. Plaintiff also seeks punitive damages in an amount to be determined at trial.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment in its favor and against Defendants, as follows:

A.  On the First Count of Breach of Contract on behalf of Plaintiff against Defendant Amar: an award of compensatory damages in favor of Plaintiff in an amount to be determined at trial which is not less than $150,000, plus interest, fees, disbursements, expenses, and the costs of this action including reasonable attorneys' fees in an amount to be determined at trial;

B.  On the Second Count of Negligent Misrepresentation on behalf of Plaintiff against Defendant Amar: an award of compensatory damages in favor of Plaintiff in an amount to be determined at trial which is not less than $150,000, plus interest, fees, disbursements, expenses, and the costs of this action including reasonable attorneys' fees in an amount to be determined at trial;

C.  On the Third Count of Conversion on behalf of Plaintiff against Defendants, jointly and severally: an award of compensatory damages in favor of Plaintiff in an amount to be determined at trial which is not less than $150,000, plus interest, fees, disbursements, expenses, and the costs of this action including reasonable attorneys' fees in an amount to be determined at trial;

D.  On the Fourth Count of Intentional Interference with Prospective Economic Advantage on behalf of Plaintiff against Defendant Keme Production LLC: an award of compensatory damages in favor of Plaintiff in an amount to be determined at trial which is not less than $150,000, plus interest, fees, disbursements, expenses, and the costs of this action including reasonable attorneys' fees in an amount to be determined at trial;

E. On the Fifth Count of Unjust Enrichment on behalf of Plaintiff against Defendants, jointly and severally: an award of compensatory damages in favor of Plaintiff in an amount to be determined at trial which is not less than $150,000, plus interest, fees, disbursements, expenses, and the costs of this action including reasonable attorneys' fees in an amount to be determined at trial;

F. On the Sixth Count of Constructive Trust on behalf of Plaintiff against Defendants, jointly and severally: an award of compensatory damages in favor of Plaintiff in an amount to be determined at trial which is not less than $150,000, plus interest, fees, disbursements, expenses, and the costs of this action including reasonable attorneys' fees in an amount to be determined at trial;

G. On the Seventh Count of Tortious Interference with Contract on behalf of Plaintiff against Defendant Keme Production LLC: an award of compensatory damages in favor of Plaintiff in an amount to be determined at trial which is not less than $150,000, plus interest, fees, disbursements, expenses, and the costs of this action including reasonable attorneys' fees in an amount to be determined at trial;

H. Enjoining, prohibiting and restraining Defendants, their agents, representatives, assigns and all those acting in concert with them or on their behalf from scheduling, promoting, marketing, staging, or performing including but not limited to the January 8, 2026 show and January 9, 2026 show, and all future shows in the United States of America that were arranged by any promoter, other than Plaintiff;

I. That Plaintiff be awarded punitive damages against Defendants, jointly and severally;

J. That Plaintiff be awarded its costs, expenses, and attorneys' fees for commencing and prosecuting this action; and

K. That Plaintiff be awarded such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues triable by jury.

Dated: January 7, 2026

Respectfully submitted,

**OFFIT KURMAN, P.A.**

By: *Eric Lanter*
Eric J. Lanter, Esq.

Eric J. Lanter, Esq.
Millan S. Maurer, Esq.
590 Madison Avenue, 6th Floor
New York, NY 10022
(212) 545-1900
Eric.Lanter@offitkurman.com
Millan.Maurer@offitkurman.com

*Attorneys for Plaintiff*

4909-0170-7910, v. 2