USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/4/2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CHAMELEON ADVERTISING & MARKETING SOLUTIONS INC.,

Plaintiff,

- against -

KEME PRODUCTION LLC, ET AL., and MOUSTAFA AHMED MOHAMED HASSAN KAMAR,

Defendants.

**26 Civ. 00123 (VM)**
**DECISION AND ORDER**

**VICTOR MARRERO, United States District Judge.**

Plaintiff Chameleon Advertising & Marketing Solutions Inc. ("Chameleon") brings this action against defendants Moustafa Ahmed Mohamed Hassan Kamar (*a/k/a* Moustafa Amar) ("Ahmed") and Keme Production LLC, et al. ("Keme Production") (collectively, the "Defendants"). Chameleon asserts claims of conversion, unjust enrichment, and constructive trust against both Defendants; breach of contract and negligent misrepresentation against Ahmed; and intentional interference with prospective economic advantage and tortious interference with contract against Keme Production. (See "Complaint", Dkt. No. 4.)

Now before the Court is Ahmed's Motion to Dismiss Chameleon's Complaint on the ground of forum non conveniens, pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). (See

"Motion", Dkt. No. 28.) For the reasons stated below, the Motion is **DENIED**.

## I. BACKGROUND

### A. FACTUAL BACKGROUND[1]

Chameleon operates a business providing services to prominent performance artists, such as promoting, marketing, and staging performances throughout the United States and Canada, including New York. (See Complaint ¶ 9.) Ahmed, frequently described as the "king of Arab pop" music and an "Egyptian megastar," is one such performance artist from Egypt who has performed in New York approximately two or three times. (See id. ¶¶ 11, 12.)

On July 10, 2024, Chameleon entered into a written agreement (the "Agreement") with Ahmed, making Chameleon his exclusive promoter in the United States and Canada. (See id. ¶¶ 22, 23.) Section 9 of the Agreement (the "Forum Selection Clause") prohibits Ahmed from performing in the United States and Canada except through Chameleon, with the term of the Agreement extending until one year after the last agreed event, which took place on May 17, 2025. (See id. ¶¶ 23, 25, 27.)

Following that event, Chameleon began preparing for Ahmed's 2026 North American tour. (See id. ¶ 28.) However, in late 2025,

[1] Except as otherwise noted, the Court takes the following background from the Complaint, accepting those facts as true and construing justifiable inferences in the light most favorable to Chameleon. See Safka Holdings LLC v. iPlay, Inc., 42 F. Supp. 3d 488, 491 (S.D.N.Y. 2013).

Ahmed allegedly began working with Keme Production to arrange a competing tour. (See id. ¶ 29.) Upon learning of those arrangements, Chameleon's counsel formally notified Ahmed and Keme Production of Chameleon's exclusive contractual rights. (See id. ¶¶ 42, 45.) Chameleon alleges that Defendants disregarded the Agreement and proceeded with the tour despite having received repeated notices from Chameleon. (See id. ¶¶ 44, 47.)

Chameleon alleges Defendants' conduct has caused Chameleon substantial financial loss and has severely damaged its reputation, goodwill, and professional credibility within the industry. (See id. ¶¶ 50-54.)

### B. PROCEDURAL HISTORY

On January 7, 2026, Plaintiff filed the Complaint (Dkt. No. 4) and Proposed Order to Show Cause for Preliminary Injunction (with Temporary Restraining Order) ("TRO") (Dkt. No. 3) against Defendants. On January 8, 2026, the Court denied Plaintiff's TRO application. (See Dkt. No. 11.) On March 31, 2026, Keme Production filed its Answer. ("Keme Answer", Dkt. No. 26.)

On April 30, 2026, Ahmed filed the present Motion to Dismiss the Complaint on the ground of forum non conveniens. (See Motion.) Chameleon filed its brief in opposition on May 20, 2026. (See

"Opp'n", Dkt. No. 31.) Ahmed notified the Court he would not file a reply on June 8, 2026. (See Dkt. No. 32.)

## II. LEGAL STANDARD

The doctrine of forum non conveniens permits a court to "dismiss an action on the ground that a court abroad is the more appropriate and convenient forum for adjudicating the controversy." Sinochem Int'l Co. v. Malay. Int'l Shipping Corp., 549 U.S. 422, 425 (2007).

When evaluating a motion to dismiss for forum non conveniens, the Court assesses three considerations: (1) the amount of deference to be accorded to the plaintiff's choice of forum; (2) the adequacy of the defendant's proposed alternate forum; and (3) the balance between the private and public interests implicated by the plaintiff's forum choice. See Finch v. Xandr, No. 21-CV-5964, 2021 WL 5910071, at *3 (S.D.N.Y. Dec. 14, 2021). The Second Circuit has held that "[w]here the parties have contractually selected a forum, however, the forum selection clause 'substantial[ly] modifi[es]' the forum non conveniens doctrine and the 'usual tilt in favor of the plaintiff's choice of forum gives way to a presumption in favor of the contractually selected forum.'" Fasano v. Yu Yu, 921 F.3d 333, 335 (2d Cir. 2019) (per curiam) (quoting Martinez v. Bloomberg LP, 740 F.3d 211, 218 (2d Cir. 2014)).

## III. DISCUSSION

First, the Court finds the Forum Selection Clause is not presumptively enforceable. Second, the Court holds Egypt to be an inadequate alternative forum under the doctrine of forum non conveniens. For the reasons explained below, the Court denies Ahmed's Motion.

### A. FORUM SELECTION CLAUSE

Ahmed moves to dismiss the Complaint under the Agreement's exclusive Forum Selection Clause. (Motion at 5-7.) After evaluating the presumptive enforceability of forum selection clauses, the Court concludes the Forum Selection Clause here is not presumptively enforceable.

#### 1. LEGAL STANDARD

Forum selection clauses are prima facie valid and should control questions of venue absent a "strong showing" that enforcement would be "unreasonable and unjust, or that the clause was invalid for such reasons as fraud or over-reaching." M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972).

In evaluating the validity of forum selection clauses on a motion to dismiss, a clause is "presumptively enforceable" if the moving party can demonstrate: (1) the clause was reasonably communicated to the party challenging enforcement; (2) the clause is mandatory rather than permissive; and (3) the claims involved

are subject to the clause. See Phillips v. Audio Active Ltd., 494 F.3d 378, 383 (2d Cir. 2007).

If the moving party demonstrates that the clause is presumptively enforceable, the burden then shifts to the non-moving party who, to overcome the presumption of enforceability, must make "a sufficiently strong showing that 'enforcement would be unreasonable or unjust, or that the clause [is] invalid for such reasons as fraud or overreaching.'" Id. at 383-84 (quoting M/S Bremen, 407 U.S. at 15).

If the moving party does not demonstrate that the clause is presumptively enforceable, "the traditional forum non conveniens standards articulated by the Supreme Court in Gulf Oil Corp. v. Gilbert, 330 U.S. 501 [] (1947), apply." Aguas Lenders Recovery Grp. v. Suez, S.A., 585 F.3d 696, 700 (2d Cir. 2009).

2. ANALYSIS

Ahmed argues that Chameleon's claims are subject to the Agreement's Forum Selection Clause, which provides for the adjudication of disputes in specialized courts in Egypt. (See "Ahmed Decl.", Dkt. No. 28, Ex. A, at 6.) The Forum Selection Clause in the Agreement states that, "[a]ny conflict that may result from interpreting and executing all or some of the items of this contract pertains to specialized courts in Egypt." (See id.)

First, the Court finds that the Forum Selection Clause was "reasonably communicated" to Chameleon. Phillips, 494 F.3d at 383.

Generally, "[a] forum selection clause is reasonably communicated [to a party] if it is stated in clear and unambiguous terms." In re Refco Inc., Sec. Litig., No. 08-CV-3086, 2009 WL 10666099, at *6 (S.D.N.Y. Nov. 20, 2009), report and recommendation adopted sub nom. Chameleon does not claim unawareness of the Forum Selection Clause.[2] Indeed, by signing the Agreement, Chameleon acknowledged it had read and understood the Agreement. (See Ahmed Decl. Ex. A, at 6.) The Clause was reasonably communicated to Chameleon.

Second, the Court finds that the Forum Selection Clause is permissive rather mandatory in nature. See Phillips, 494 F.3d at 383. "The choice of forum must be mandatory rather than permissive." John Boutari & Son, Wines & Spirits, S.A. v. Attiki Imps. & Distribs. Inc., 22 F.3d 51, 53 (2d Cir. 1994). "The general rule in cases containing forum selection clauses is that '[w]hen only jurisdiction is specified the clause will generally not be enforced without some further language indicating the parties' intent to make jurisdiction exclusive.'" Id. at 52 (quoting Docksider, Ltd. v. Sea Tech., Ltd., 875 F.2d 762, 764 (9th Cir. 1989)).

The Forum Selection Clause in the Agreement is permissive, rather than mandatory, as the clause does not grant jurisdiction to one forum, at the exclusion of other forums. The Forum Selection

[2] Further, Ahmed alleges Chameleon drafted the Agreement, selecting the forum of specialized courts in Egypt. (See Ahmed Decl. ¶ 4.)

Clause lacks language indicating exclusivity and provides only that any matter arising under the Agreement "pertains to specialized courts in Egypt." (See Ahmed Decl. Ex. A, at 6.); contra KTV Media Int'l, Inc. v. Galaxy Grp., LA LLC, 812 F. Supp. 2d 377, 384-85 (S.D.N.Y. 2011) (finding mandatory a forum selection clause that provides that the contract parties "consent[] to the exclusive jurisdiction" of California courts).

Third, the Court finds that the "claims and parties involved in the suit are subject to the forum selection clause." Phillips, 494 F.3d at 383. The claims alleged here are based on alleged breaches of the Agreement, which is signed by both parties. (See Ahmed Decl. Ex. A.) The Forum Selection Clause directly contemplates interpretation of the terms of the Agreement, covering "[a]ny conflict that may result from interpreting and executing all or some of the items of this contract." (See id. at 6.) Thus, the claims and parties involved in this suit are subject to the Clause.

The Court finds that the Forum Selection Clause is not presumptively enforceable because the clause is permissive rather than mandatory. See Aguas Lenders Recovery Grp., 585 F.3d at 700 ("[W]here parties contract to a so-called permissive forum selection clause, that is, one that designates a forum in advance, but does not preclude a different choice, the M/S Bremen presumption of enforceability does not apply."). Therefore, the

Court need not decide whether Chameleon "has rebutted the presumption of enforceability by making a sufficiently strong showing that 'enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching.'" Phillips, 494 F.3d at 383-84 (quoting M/S Brennan, 407 U.S. at 15). Because the Forum Selection Clause is not presumptively enforceable, the Court proceeds with the traditional forum non conveniens analysis.

B. FORUM NON CONVENIENS

Ahmed moves to dismiss the Complaint under forum non conveniens contending that the Court should afford minimal deference to Chameleon's choice of forum, accord no weight to the parties' private interests, and conclude that public interests favor dismissal. (Motion at 7.) The Court evaluates dismissal under forum non conveniens and denies the Motion.

1. LEGAL STANDARD

When evaluating a motion to dismiss for forum non conveniens, courts conduct a three-factor assessment, looking at (1) the amount of deference to be accorded to the plaintiff's choice of forum; (2) the adequacy of the defendant's proposed alternate forum; and (3) the balance between the private and public interests implicated by the plaintiff's forum choice. See Finch, 2021 WL 5910071, at *3; In re Alcon Shareholder Litig., 719 F. Supp. 2d 263, 269

(S.D.N.Y. 2010) ("Courts in this Circuit employ a three-part test to analyze the application of forum non conveniens.").

2. ANALYSIS

Having found no presumption of enforceability of the Forum Selection Clause, the Court turns to the three-factor assessment of whether to dismiss on grounds of forum non conveniens. See Aguas Lenders Recovery Grp., 585 F.3d at 700 (Where the presumption of enforceability of a forum selection clause does not apply, "the traditional forum non conveniens standards articulated by the Supreme Court in Gulf Oil Corp. v. Gilbert, 330 U.S. 501 [] (1947), apply.").

First, the Court begins by determining the amount of deference to be accorded to Chameleon's choice of forum. "[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947). Deference to a plaintiff's choice is heightened where a plaintiff is an American citizen, and the underlying claims arose under United States law or seek to enforce or promote significant American policy interests. See Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255-56 (1981). "[T]he greater the plaintiff's or the lawsuit's bona fide connection to the United States and to the forum of choice and the more it appears that considerations of convenience favor the conduct of the lawsuit in the United States, the more difficult it will be

for the defendant to gain dismissal for forum non conveniens." Iragorri v. United Techs. Corp., 274 F.3d 65, 72 (2d Cir. 2001).

While Chameleon is not entitled to the deference owed to a citizen of New York, "it is clear that [Chameleon]'s choice of forum is based on legally valid, bona fide reasons, is not motivated by pure forum-shopping, and commands a good degree of deference." Concesionaria DHM, S.A. v. Int'l Fin. Corp., 307 F. Supp. 2d 553, 562 (S.D.N.Y. 2004). Chameleon is a United States plaintiff that provides promoting, marketing, and staging services to clients throughout the United States and Canada. (See Complaint ¶ 9.) The claims against Ahmed are based upon an exclusive Agreement for promoting tour dates throughout the United States and Canada. (See Complaint ¶ 23.) To justify dismissal on forum non conveniens grounds, Ahmed emphasizes the Forum Selection Clause; however, as discussed above, the Forum Selection Clause is not "presumptively enforceable." Phillips, 494 F.3d at 383. For these reasons, the Court finds that Chameleon's choice of forum is entitled to substantial deference.

Second, the Court considers the adequacy of defendant's proposed alternate forum. The adequate alternative forum requirement is ordinarily satisfied if (1) the other forum is available because the defendant is amenable to service of process there, and (2) the forum permits litigation of the subject matter of the dispute and offers remedies for the wrongs the plaintiff

alleges, even if the causes of action and relief provided there are not identical in every respect to the claims the plaintiff demands or redress he seeks in his chosen forum. See Do Rosario Veiga v. World Meteorological Org., 486 F. Supp. 2d 297, 303 (S.D.N.Y. 2007).

Ahmed, as the movant, bears the burden of demonstrating that an adequate alternative forum exists. See Bank of Credit & Com. Int'l (Overseas) Ltd. v. State Bank of Pak., 273 F.3d 241, 248 (2d Cir. 2001). Ahmed identifies Egypt as an alternative forum. (See Motion at 4.)

Chameleon argues that Egypt is an inadequate alternative forum because Keme Production, a citizen of New York, is likely not subject to process in Egypt. (Opp'n at 9-10.) Contra PT United Can Co. v. Crown Cork & Seal Co., 138 F.3d 65, 73 (2d Cir. 1998) (granting motion to dismiss for forum non conveniens requires "that the litigation may be conducted elsewhere against all defendants"). Ahmed does not address whether Egypt is an adequate alternative forum for Keme Production. The Court therefore finds that the alternative forum offered by Ahmed is not adequate.

"The forum non conveniens motion can be denied on that basis": litigation cannot be conducted in the alternative forum against all defendants. See Concesionaria DHM, S.A, 307 F. Supp. 2d at 563. The balance of private and public considerations weigh against granting the motion as such would require Chameleon "to pursue the

case in two fora." See id.; Iragorri, 274 F.3d at 73-74 (describing public considerations involving the administration of justice and private considerations involving "the convenience of the litigants"). Ahmed's Motion on the doctrine of forum non conveniens is denied.

## IV. ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion (Dkt. No. 28) of defendant Moustafa Ahmed Mohamed Hassan Kamar (*a/k/a* Moustafa Amar) ("Ahmed") to dismiss the Complaint (Dkt. No. 4) of plaintiff Chameleon Advertising & Marketing Solutions Inc. ("Chameleon") is **DENIED.** Ahmed is directed to respond to the Complaint within twenty-one (21) days of the date of this Order.

**SO ORDERED.**

Dated: New York, New York
4 November 2026

_________________________
Victor Marrero
U.S.D.J.